## John Condon *against* John Walker.

A contract for goods prohibited by law, is void; and the buyer shall not be liable in an action for the price.

ASSUMPSIT for 1000lbs. coffee at 13d. per pound; amount 54l. 3s. 4d.

The defendant gave in evidence, a sentence of condemnation in the District Court of the United States against the coffee as contraband, on the 26th July 1793; and it was admitted, that an information was filed against him for 400 dollars, the penalty under the act of congress.

The plaintiff's witness swore, that the coffee was [*484 delivered to the defendant in June 1793, between 10 and 11 o'clock at night, and that the persons bringing it were told to make no noise by the defendant, in consequence of which they scarcely spoke above their breath. The defendant came on board the vessel to buy the coffee, and agreed on the price, but nothing was said whether the coffee was entered in the custom house or not. No objection was made

[Condon *v.* Walker.]

against the delivery of the coffee at so late an hour. The witness had also sold two bags of coffee to the defendant under the same circumstances; and he was afterwards told by him, that if he appeared against him, he (the defendant) would be ruined.

It was sworn on the part of the defendant, that when the plaintiff came to speak to him on the night of the delivery of the coffee, he objected to his servant's receiving it in the night time, and said it must be brought to the shop at noon day. The coffee was however discovered next morning in the shop, standing open to public view, and was there seized by the revenue officers.

The defendant's counsel urged, that if the consideration of the contract failed, the compensation must fail also. If a contract respected a matter prohibited by law, it was void on the principle of sound policy. So if a policy of insurance be underwrote on a vessel going to a port blockaded by enemies, it would be void by the law of nations. The plaintiff's counsel admit, that if this suit had been brought in the Circuit Court of the United States, there could be no recovery; or if there had been a law of Pennsylvania prohibiting the running of coffee, the same event would take place. But by the 6th article of the constitution of the United States, the laws which shall be made in pursuance thereof shall be the supreme law of the land, and the judges in every state shall be bound thereby. The court therefore, where the suit is determined, can make no difference in the case.

Possibly, however, where a vendee of prohibited goods is fully acquainted with all the circumstances, and with this knowledge takes the risque on himself, he may be bound by his contract. The testimony of the plaintiff's witness is very suspicious. His prospect of recovery for his two bags of coffee rests on the plaintiff's success. He is interested in the question trying. Instances have frequently occurred, where one brought forward as a witness has denied his interest on oath, and has afterwards publickly asserted it. The price of the coffee cannot be considered as low. No drawback is allowed on goods, unless the duties thereon amount to fifty dollars, and therefore a small quantity will not command a price proportionate to a *larger. The difference is still greater
*485] where the smaller quantity is sold for ready cash. If the defendant had known the coffee to be run, he would not have exposed it to publick view. It is in full proof that the plaintiff did not tell the defendant the coffee was smuggled; and it is therefore submitted to the jury, whether, under all the circumstances, the defendant knew it to be such and took the risque on himself.

The counsel for the plaintiff contended, that it was sound policy to punish the purchasers of prohibited goods. It would be an effectual check to illicit trade, if no purchasers could

[Condon v. Walker.]

be found for the smuggled articles. This case must be governed by the laws of Pennsylvania, and not of the United States. The suit is not in the Circuit Court of the latter, where probably the plaintiff could not recover. The vendee should have entered the coffee after the sale. The original contract is not affected by the subsequent use of the thing contracted for; as if one lend money to another to game with, though gaming be illegal, the lender shall recover the money, though it be lent at the time and place of play. 2 Burr. 1077.

They inferred the defendant's knowledge of the coffee being run, from his not asking for a certificate; his first refusals of the coffee at night, yet afterwards receiving it without the knowledge of his servant; the smallness of the price, and his desiring the plaintiff's witness not to appear against him. His exposing the coffee openly was merely to elude suspicion. The plaintiff or his witness would never have deposited the coffee with the defendant, unless there had been a previous perfect understanding between them.

By the court. If the concession had not been made by the defendant, that if he had known all the circumstances, and agreed to run the risque, the plaintiff might possibly recover, we should have had no difficulty in forming our opinion. The revenue laws of the United States are binding on the courts of each individual state. It is against the policy of any well regulated country, to suffer frauds to be practised, which may prevent the collection of monies for the support of government. A party cannot come into a court of justice to recover on a contract for smuggled goods. It must not appear on the plaintiff's own shewing, that he has infringed the laws of his country. 3 Term. Rep. 456. A contract for prohibited goods to be delivered in England is void. The buyer shall not be liable in an action for the price, because of the inconvenience and prejudice to the state, if such an action could be maintained. Cowp. 344, 345.

*But it has been mutually submitted to the jury, [*486 whether the defendant knew the coffee was smuggled, and of this fact they will judge. The court are inclined to think, that the weight of evidence as well as the law, is in favour of the defendant.

Verdict <em>pro quer.</em> for 37l. 10s. damages.

But a rule to shew cause why a new trial should not be had was afterwards obtained, sitting the court.

Messrs. J. B. M'Kean and S. Levy *pro quer.*

Mr. Lewis *pro def.*